Chhetri v. Garland
BIA
Ruehle, IJ
A209 161 082

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand twenty-three.

PRESENT:
        REENA RAGGI,
        RICHARD J. SULLIVAN,
        WILLIAM J. NARDINI,
            *Circuit Judges.*

_____

MEGH BAHADUR CHHETRI,
        *Petitioner,*

        v.                                    20-2426
                                             NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Khagendra Gharti-Chhetry, New
                         York, NY.

FOR RESPONDENT:          Brian Boynton, Acting Assistant
                         Attorney General; Anthony P.

Nicastro, Assistant Director; Patricia E. Bruckner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Megh Bahadur Chhetri, a native and citizen of Nepal, seeks review of a July 1, 2020, decision of the BIA affirming a June 4, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Megh Bahadur Chhetri,* No. A 209 161 082 (BIA July 1, 2020), *aff'g* No. A 209 161 082 (Immigr. Ct. Buffalo June 4, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review adverse credibility determinations for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings

of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Substantial evidence supports the adverse credibility determination. Chhetri alleged past persecution and a fear

3

of future persecution from members of the Maoist Party on account of his support for the Nepali Congress Party ("NCP"). The IJ reasonably relied on inconsistencies regarding whether he was threatened by Maoists between 2009 and 2016 and whether he received training before joining the NCP. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.  The IJ reasonably rejected his explanation that the period between 2009 and 2016 was a time of peace because it did not resolve the inconsistency and contradicted his statement that he had been threatened during that period. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The IJ also reasonably concluded that Chhetri's credibility was undermined by the vagueness of his testimony about the injuries his wife allegedly sustained when Maoists assaulted her after Chhetri left Nepal. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) ("Where an applicant gives very spare testimony . . . the IJ . . . may

4

fairly wonder whether the testimony is fabricated."), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Just.*, 494 F.3d 296, 305 (2d Cir. 2007). Chhetri testified that his wife was assaulted by a group of Maoists in January 2017 and was treated at a hospital for her injuries. However, he could not describe her injuries despite testifying that he spoke with his wife frequently, and the medical records he submitted did not confirm an assault or injuries typical to an assault. It was therefore reasonable for the IJ to take issue with the vagueness of Chhetri's testimony, especially because Chhetri relied on the incident to show that the Maoists were still looking for him. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) ("The speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience.").

Additionally, the IJ reasonably concluded that Chhetri's failure to produce corroborating evidence further undermined his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate

his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Chhetri alleged that he and his wife reported the Maoist violence to the police, but he did not provide any police reports or supporting letters from relatives, NCP members, villagers, or others who had been beaten by Maoists, nor did he indicate that he had tried to obtain these documents. Moreover, while country conditions evidence reflected some political violence, it reported reduced violence and did not reflect incidents similar to those Chhetri alleged. *Cf. Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000) (indicating that individualized corroboration of credible testimony may not be required where country conditions evidence reflects that applicant's personal "experiences closely parallel[] the patterns of persecution" in the country of removal).

The inconsistencies, vague testimony, and absence of corroboration provide substantial evidence for the IJ's decision. *See Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum,

withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court